STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 23-3-17 Vtec

Mountain Top Inn & Resort JO 1-391

## ENTRY REGARDING MOTION

Count 1, Act 250 Jurisdictional Opinion (23-3-17 Vtec)

Title:          Motion to Amend 8/22/2018 Judgment (Motion 6)

Filer:          Katherine R. Hall

Attorney:     James A. Dumont

Filed Date:   September 19, 2018

Response in Opposition filed on 10/09/2018 by Attorney Christopher D. Roy for Appellants Chittenden Resorts, LLC and RMT Associates, LLC

Reply filed on 10/23/2018 by Attorney James A. Dumont for Cross Appellant Katherine R. Hall

**The motion is GRANTED IN PART and DENIED IN PART.**

Chittenden Resorts, LLC and RMT Associates, d/b/a Mountain Top Inn & Resort, (collectively, "Resort") appeal a February 23, 2017 jurisdictional opinion by the District #1 Environmental Commission Coordinator ("District Coordinator"). The District Coordinator concluded that Act 250 jurisdiction is triggered by the Resort's practice of contracting with nearby homeowners to rent out their homes. Neighboring property owner Katherine Hall cross-appeals. In an August 22, 2018 Decision on the parties' cross-motions for summary judgment ("Decision"), this Court concluded that the Resort's rental program for area homes owned by others did not trigger independent Act 250 jurisdiction. Ms. Hall now asks this Court to amend the Decision pursuant to V.R.C.P. 59(e).

This Court has broad power to alter or amend a previous judgment pursuant to Rule 59(e). In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418 (citation omitted). The Court can respond to a Rule 59(e) motion by "revis[ing] its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). However, granting a motion to reconsider is an "extraordinary remedy" that should be used sparingly. In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.); In re Bouldin Camp – Noble Rd., No. 278-11-06 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.).

There are four reasons for this Court to grant a 59(e) motion: "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)). Rule 59(e) does not provide parties with an opportunity to relitigate matters already decided by this Court. S. Vill. Communities, LLC, No. 74-4-05 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 14, 2006) (Durkin, J.) (quoting Wright et al., supra, § 2810.1).

Ms. Hall asserts that this Court must amend the Decision because of a manifest error of law. Specifically, Ms. Hall points to our conclusion that the Resort and rental home owners did not constitute a "person" pursuant to Act 250 Rule 2(C)(1)(a). She argues that in reaching this conclusion, this Court ruled on the lawfulness of Rule 2(C)(1)(a) and found it invalid, which exceeded the scope of our limited jurisdiction. While we decline to change our ultimate legal conclusions, we will clarify the Decision, via this Entry Order, and make a correction that, while needed, does not affect the outcome of our Decision.

Appellant is correct that this Court does not have jurisdiction over challenges to the validity or lawfulness of Act 250 Rules, which must be brought in a declaratory judgment action before the Civil Division of the Vermont Superior Court in Washington County. 3 V.S.A. § 807; 10 V.S.A. § 8503(e); In re Umpire Mtn. LLC WW & WS Permit, No. 171-12-12 Vtec, slip op. at 8 (Vt. Super. Ct. Envtl. Div. Feb. 27, 2014) (Walsh, J.). We note, however, that we are required to consider and apply the Act 250 Rules in our de novo review of District Commission decisions and District Coordinator jurisdictional opinions. See 10 V.S.A. § 8504(h); see also In re Mountainside Props., Inc. Land Use Permit Amendment, No. 117-6-05 Vtec, slip op. at 6-7 (Vt. Envtl. Ct. Dec. 13, 2005) (Durkin, J.).

In so doing, this Court has interpreted the Act 250 Rules to avoid extending them "beyond the jurisdictional limits of the [enabling] statute." In re Zurn Sisters Dev., LLC, No. 233-9-06 Vtec, slip op. at 13 (Vt. Envtl. Ct. Nov. 9, 2007) (Wright, J.) (citing Lemieux v. Tri-State Lotto Comm'n, 164 Vt. 110, 116-17 (1995)) (interpreting Act 250 Rule to incorporate statutory definition of "subdivision" to harmonize with statute); see also Glebe Mountain Wind Energy, LLC, No. 234-11-05 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. May 18, 2006) (Durkin, J.) (holding that electric generation facilities fall outside of Rule 34 and Act 250 jurisdiction to avoid conflict in statutory scheme).

This Court engaged in a similar exercise in the challenged Decision. We did not rule on the general lawfulness, enforceability, or validity of Rule 2(C)(1)(a). Instead, we considered whether the Resort and rental home owners fit within the term "person" as that Rule describes it. In assessing the uncertain scope of Rule 2(C)(1)(a), we kept in mind the canon that:

> An administrative rule does not violate its enabling statute so long as the substantive requirements of the statute are not compromised by its language. Where an ambiguous term in an administrative rule can be construed to bring the rule within those requirements, and avoid the necessity for striking it, we will do so.

In re Agency of Admin., State Bldgs. Div., 141 Vt. 68, 76 (1982) (citing In re Allied Power & Light Co., 132 Vt. 354, 360 (1974)) (holding that Environmental Board's application of an Act 250 Rule exceeded statutory mandate). Having reviewed the challenged portions of our Decision, we conclude that we did not violate this interpretive precedent.

This precedent contributed to our conclusion that categorizing the Resort and the rental home owners as a "person" under the Rule would impermissibly expand the Rule's definition of a person beyond the statutory definition in 10 V.S.A. § 6001(14)(A). More specifically, we declined to interpret the Rule's definition to include the Resort and rental home owners to avoid conflating a "person" involved in partition or division of land and a "person" for purposes of development. See In re Shenandoah LLC, 2011 VT 68, ¶¶ 8, 15, 190 Vt. 149 (distinguishing definitions of "person" in the context of subdivision versus development); In re Jesse T. Billings Residuary Tr., DR No. 355, slip op. at 11 (Vt. Envtl. Bd. July 22, 1998) ("[U]se of the § 6001(14)(A)(iii) definition of a person to bind [two parties] as a single person for purposes of applying Act 250's statutory provisions regarding development is not appropriate because Section 6001(14)(A)(iii) applies only to subdivision activity." (citation omitted)).

We did not declare Rule 2(C)(1)(a) invalid on its face. We concluded that Ms. Hall's suggested application of Rule 2(C)(1)(a) to the specific facts of this case overextended the Rule.[1] See Sunset Cliff Homeowners Ass'n v. Water Res. Bd., 2008 VT 84, ¶¶ 18-19, 184 Vt. 584 (discussing difference between challenge to application of rule to specific facts and challenge to validity of rule generally). Therefore, Ms. Hall's motion is **DENIED** on this issue.

Ms. Hall also argues for amendment of the Decision on the basis of a separate oversight. We take this opportunity to correct a harmless error in our reasoning. After concluding that Rule 2(C)(1)(a) did not apply, we went on to state that "even if Rule 2(C)(1)(a) applies, the Resort and Rental Home owners do not qualify as a 'person' under the Rule." Mountain Top Inn & Resort Jurisdictional Op. Appeal (#1-391), No. 23-3-17 Vtec, slip op. at 12 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2018) (Durkin, J.). We continued in the following two paragraphs to explain our reasoning. Id. at 12–13. We reached this alternative conclusion based on the rationale that the Resort and rental home owners did not collectively "control" the properties involved in the rental program because the rental home owners could not assert any control over the Resort's property under the program's terms. See 10 V.S.A. § 6001(3)(A)(i) (defining requirements for Act 250 jurisdiction, including that land be "owned or controlled by a person."); Act 250 Rule 2(C)(12).

The Decision overlooked the fact that the statutory and Rule 2(C)(1)(a) jurisdictional requirements contemplate ownership as an alternative to control, so the lack of collective control would not necessarily negate Act 250 jurisdiction if there was collective ownership instead. We therefore **VACATE** this determination and **GRANT** Ms. Hall's motion to amend this part of the Decision by striking the quotes language and the two paragraphs that follow. However, we need not further revise our Decision because of our separate initial conclusion that Rule 2(C)(1)(a)

---

[1] The parties' cross-motions for summary judgment discuss the scope and applicability of Rule 2(C)(1)(a). Thus, we did not reach our conclusions on this issue sua sponte, as Ms. Hall contends.

cannot be applied under the circumstances presented to qualify the Resort and the rental home owners as a "person."[2]

For the reasons described above, we **DENY** Ms. Hall's motion to amend with regards to our application of Rule 2(C)(1)(a) and **GRANT** that part of her motion addressing our alternative conclusion, which we **VACATE**.


**So Ordered.**


Electronically signed on February 14, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Christopher D. Roy (ERN 1352), Attorney for Appellants RMT Associates, LLC and Chittenden Resorts, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

James A. Dumont (ERN 1948), Attorney for Cross Appellant Katherine R. Hall

Interested Person Patrick Max

Interested Person Patricia Bick

Interested Persons Robert and Joanne Pye

Interested Person Laurie Wilson

Interested Person Gerald and Christine Gormley

---

[2] We also do not reach the arguments Ms. Hall raises in her motion regarding the meaning of Rule 2(C)(1)(a) and the extent of control exercised by the Resort over the rental homes. Ms. Hall attempts to relitigate questions we have already decided, which is not appropriate in a motion to amend.